IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHONG PHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1157-SLP |
| ) | |
| PAMELA BONDI, Attorney General, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

Petitioner, Chong Pham, filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus, challenging Respondent United States Immigration and Customs Enforcement's (ICE's) decision to revoke his release on an Order of Supervision and detain him. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Suzanne Mitchell. Currently before the Court is the Report and Recommendation (R&R) [Doc. No. 18] recommending that the Court (1) grant Petitioner's request for habeas relief, (2) order Petitioner's immediate release from custody, and (3) order Respondents to submit a declaration as to Petitioner's release. [Doc No. 18] at 16. Respondents filed an Objection [Doc. No. 19], and Petitioner filed a Response to the Objection [Doc. No. 21]. Accordingly, the Court must make a de novo determination of any portions of the Report to which a proper objection is made, and may accept, reject or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); *see also*

Fed. R. Civ. P. 72(b)(3).[1]  For the reasons set forth below, the Court ADOPTS the findings of the Magistrate Judge and GRANTS the Petition.

In the R&R, the Magistrate Judge found Respondent ICE violated its own agency regulations in the re-detention of Petitioner.  Specifically, the Magistrate Judge found ICE violated 8 C.F.R. § 241.13(i) when Petitioner's release was revoked.  The regulation provides, in relevant part:

> (2) **Revocation for removal**.  The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future . . . .
>
> (3) **Revocation Procedure.**  Upon revocation, the alien will be notified of the reasons for revocation of his or her release.  The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. . .

8 C.F.R. § 241.13(i).

The Magistrate Judge found that ICE violated § 241.13(i)(3) by not providing the Petitioner with written notice of the reasons for his revocation.  The declaration of Alex Hudson only states that Petitioner "was informed that he would be detained because he was subject to a final order of removal and there is now a likelihood of removal to Vietnam." *See* Dec. of Alex Hudson [Doc. No. 16-3] at 3.  Respondents concede in the Objection that they are unable to confirm that ICE provided written notice to Petitioner at the time of re-

---

[1] "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

detention.  *See* [Doc. No. 19] at 3.  A majority of district courts have found such regulatory defects amount to due process violations that entitle a petitioner to habeas relief.  *See, e.g., Roble v. Bondi*, 2025 WL 2443453 at *3-4 (D. Minn. Aug. 25, 2025) (finding a generalized written notice insufficient for purposes of § 241.13(i)(3)); *Zhu v. Genalo*, No. 25-CV-6523, 2025 WL 2452352, at *8 (S.D.N.Y. Aug. 26, 2025) (finding no notice of reasons for removal was insufficient for purposes of 8 C.F.R. § 241.4); *K.E.O. v. Woosley*, No. 25-CV-74-RGJ, 2025 WL 2553394 at *5-6 (W.D. Ky. Sept. 4, 2025); *Santamaria Orellana v. Baker*, No. 25-CV-1788-TDC, 2025 WL 2444087 at *7 (D. Md. Aug. 25, 2025); *Quang Vihn Duong v. Charles*, *et al.*, No. 25-CV-1375-SKO, 2025 3187313 at *3-4 (E.D. Cal. Nov. 14, 2025).[2]  The Court finds the majority view persuasive and consistent with the facts and circumstances of this case.  Respondents raise arguments in their Objection that they "substantially complied" with the notice and interview requirements.  *See* [Doc. No. 19] at 2-3.  The Respondents also object that even if they were found not in compliance with the notice and interview requirements, habeas relief would be the improper remedy.  *See* [Doc. No. 19] at 3-6.  The Court deems it unnecessary to consider these objections[3] as

---

[2] Respondents rely on one opinion from this judicial District that reached an opposite conclusion. *See Bahadorani v. Bondi*, No. 25-CV-1091-PRW, 2025 WL 3048932 at *2-4 (W.D. Okla. Oct. 31, 2025).  In *Bahadorani*, the petitioner underwent a particularized interview process regarding their removal after being detained.  *See id.*, at *2-4.  Here, similar to the facts of *Roble*, Respondents only provided a perfunctory and generalized statement to Petitioner regarding the reason for revocation of his release.  Dec. of Alex Hudson. [Doc. 16-3] at 2; *see Roble*, 2025 WL 2443453 at *3. The Court finds the present matter to be factually distinguishable from *Bahadorani*, and more akin to the facts presented in *Roble*.

[3] Nonetheless, the Court finds that such objections are underdeveloped.  Respondents cite to no authority regarding the applicability of the substantial compliance doctrine to the present matter.  Furthermore, the only case relied upon for Respondents' improper remedy objection is factually distinguishable.  *See, supra*, n. 2.

3

Respondents, specifically ICE, failed to comply with § 241.13(i)(2) in establishing a change of circumstances that demonstrated a significant likelihood of removal in the reasonably foreseeable future at the time of Petitioner's re-detention. District courts in the Tenth Circuit facing this same issue have found that a failure to establish changed circumstances amounts to a due process violation that justifies release. *See*, *e.g.*, *Qui v. Carter*, No. 25-CV-3131-JWL, 2025 WL 2770502, at *4-5 (D. Kan. Sept. 26, 2025) (finding a failure to establish changed circumstances renders the revocation of release ineffective); *e.g.*, *Liu v. Carter*, No. 25-CV-3036-JWL, 2025 WL 1696526, at *2-3 (D. Kan. June 17, 2025) (same). The Court agrees with its sister courts and the findings of the Magistrate Judge that such a failure amounts to a due process violation, entitling the petitioner to habeas relief.

Respondents make a conclusory objection to the Magistrate Judge's finding that it was Respondents' burden to establish a significant likelihood of removal in the reasonably foreseeable future. Respondents cite to no authority for their proposition. The Court finds the Magistrate Judge correctly placed the burden on Respondents to establish a significant likelihood of removal in the reasonably foreseeable future in the context of re-detention under § 241.13(i)(2). *See Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023) (finding it was burden of ICE to demonstrate substantial likelihood of removal in the reasonably foreseeable future existed at the time of re-detention). In the Objection, Respondents rely on the sworn declaration of Enforcement and Removal Operations (ERO)

deportation officer George McGettrick (the McGettrick Declaration)[4] for the proposition that Respondents have proven a significant likelihood of removal in the reasonably foreseeable future.[5] The McGettrick Declaration states, in relevant part, that (1) "ERO is currently working on obtaining travel documents for Pham from the government of Vietnam," (2) ERO removed 569 individuals to Vietnam in 2025, including some "removals of Vietnam citizens who entered the United States before 1995," compared to 58 removals in 2024, (3) the government of Vietnam conducts interviews of citizens when ERO lacks identification documents prior to the issuance of travel documents, and (4) "ERO has had frequent charter flights to Vietnam." McGettrick Dec. [Doc. No. 19-1] at 2. Courts have found that such increase in frequency of removals alone does not demonstrate significant likelihood of removal in the reasonably foreseeable future. *Compare*, *e.g.*, *Sang Nguyen* v. *Bondi*, No. EP-25-CV-323-KC, 2025 WL 3120516 at *7 (W.D. Tex. Nov. 7, 2025) (lack of details in Vietnam removal data contributed to no finding of significant likelihood of removal in the reasonably foreseeable future) *and*, *e.g.*, *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 151-52 (same) *with Tran v. Baker,* No. 25-CV-1598-JRR, 2025 WL 2085020 at *4-5 (D. Md. July 24, 2025) (finding that detailed removal data for pre-1995 Vietnamese citizens, travel documents obtained prior to detainment, and scheduled

---

[4] Fed. R. Civ. P. 72(b)(3) states when assessing matters that have been properly objected to, a district court may "receive further evidence . . . ." Regardless of whether the McGettrick Declaration was properly submitted as part of the Objection, the facts contained in the declaration do not change the Court's outcome.

[5] Respondents do not address whether the information contained in the McGettrick Declaration was available to ICE at the time of re-detention. However, the Court does not find that ICE demonstrated changed circumstances justifying revocation of release even if the information was available.

5

meeting with Vietnamese consulate established significant likelihood of removal in the reasonably foreseeable future). Consistent with other courts who encountered similar circumstances, the Court finds Respondents failed to demonstrate a significant likelihood of removal in the reasonably foreseeable future. While the McGettrick Declaration states 569 Vietnamese citizens were removed from the United States in 2025, it vaguely notes that this figure "included removals of Vietnam citizens who entered the United States before 1995." [Doc. No. 19-1] at 2. The data does not adequately address the likelihood of removal of pre-1995 Vietnamese citizens such as Petitioner. While stating "ERO is *currently* working on obtaining travel documents" for Petitioner, Respondents provided no evidence of progress they made towards removal of Petitioner himself before re-detention.[6] McGettrick Dec. [Doc. 19-1] at 2 (emphasis added). Even if the Court were to consider the facts from the McGettrick Declaration, the Court concurs with the findings of the Magistrate Judge that Respondents failed to demonstrate changed circumstances justifying re-detention. As such, Petitioner is entitled to habeas relief.

IT IS THEREFORE ORDERED THAT:

1. the Report and Recommendation [Doc. No. 18] is ADOPTED;

2. Petitioner's Verified Petition for Writ of Habeus Corpus is GRANTED to the extent it requests habeas relief under 28 U.S.C. § 2241;

---

[6] Respondents do not indicate whether any steps towards removal were made prior to Petitioner's re-detention.

3. Respondents are directed to immediately release Petitioner, subject to the terms of his previous Order of Supervision;

4. Respondents shall submit a declaration, pursuant to 28 U.S.C. § 1746, within 3 days of the date of this Order affirming Petitioner's release from custody, and;

5. Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 5] is DENIED as moot.

IT IS SO ORDERED this 20th day of November, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE